IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ivan Dario Hernandez Cano,<br><br>           Plaintiff,<br><br>     v.<br><br><br><br>BIMMY'S LLC<br><br>           Defendants. | Case No.  23-cv-03338<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

Plaintiff, Ivan Dario Hernandez Cano ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against BIMMY'S LLC ("Defendant" or "Bimmy's"). Bimmy's In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq*. ("NYLL")

### Parties

2. Plaintiff is a resident of Queens, New York; and he was employed by Bimmy's.

3. Bimmy's is a business that is located, headquartered, and conducts business in Long Island City.

4. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate

commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York because all underlying facts and transactions occurred in or about Long Island City, New York.

## Facts Common To All Claims

7. Bimmy's is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the food preparation service.

8. Bimmy's is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss"; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the FLSA)

9. Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10. Plaintiff began working at Bimmy's in or before December 2018.

11. Plaintiff was paid his wages on a weekly basis.

12.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

13.     Plaintiff's rate of pay was $18.50.

14.     Plaintiff originally held the position at Bimmy's, of a food packaging laborer.

15.     On March 2022 Plaintiff was moved from regular hourly employee to the position of supervisor of the packing department. Since the change of title Plaintiff was given more work, but he was not given any actual supervisor or managerial authority.  In particular, he was responsible for more work in his duties as a food packaging laborer, all done by himself; Plaintiff was working daily in maintenance; Plaintiff was operating a special wrapping machine; he was sorting food in a fridge; labelling the food products for sale and delivering the products to the warehouse. However, Plaintiff was misclassified as a supervisor or manager, since he was not actually supervising any other employees and didn't have any supervising authority, including the ability to hire or fire workers, set schedules for workers, or set rates of pay for workers.

16.     Plaintiff worked as "supervisor" of the packing department from March 22, 2022 until February 27, 2023. This period covers approximately 50 weeks of works for Defendants under the circumstances claimed.

17.     Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform food preparation, labeling of food, maintenance, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

18.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average, at the least, 63 hours per week.

19.     However, no matter the hours worked for Defendants, Plaintiff would only get paid 54 hours weekly. Defendant paid 40 hours at the rate $18.50 and 14 hours at time and a half $27.75.

Since Plaintiff worked an average of 63 hours weekly, he is owed at least 9 hours of unpaid overtime wages.

20. For the unpaid overtime wages, Plaintiff should have earned at least an additional $249.75 per week, calculated as follows: [(63 hours worked – 54 hours paid) ($18.50 per hour x 1.5 time-and-a-half)]. The amount of unpaid overtime wages were deprived from Plaintiff for approximately 50 weeks.

21. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

22. Defendants paid the first 40 hours at the regular rate and the hours worked in excess of forty (40) hours per week were limited to fourteen (14) hours at one and a half (1.5) times the regular rate at which he was employed. Defendant did not pay Plaintiff all the hours worked over fifty-four (54) hours per week.

23. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; paystubs were altered to keep a fixed payment of fifty-four hours and Defendants' failure and refusal to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for all hours worked in excess of 40 per week, and thus its conduct was willful.

24. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,487.50 in unpaid overtime wages; (ii) liquidated damages of $12,487.50; and (iii) Plaintiff's attorney's fees and costs, to be determined.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the NYLL)

25. Plaintiff incorporates by reference Paragraphs 1-24, as if set forth in full herein for this Paragraph 25.

26. This count arises from Defendants' violation of the NYLL, by failing to pay Plaintiff New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

27. Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the NYLL.

28. Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $12,487.50.

29. In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling 12,487.50.**Error! Reference source not found.**

## THIRD CLAIM FOR RELIEF
### (Failure to Issue Accurate Wage Notices In Violation of the NYLL)

30. Plaintiff incorporates by reference Paragraphs 1-29, as if set forth in full herein for this Paragraph 30.

31. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

32. During the five years preceding this Complaint, Plaintiff experienced material changes in their employment, including the rate of pay at which Plaintiff was compensated.

33. During the preceding five years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime pay. Even more, the timesheets were manipulated to state the same salary every week.

34. Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)

35. Plaintiff incorporates by reference Paragraphs 1-34, as if set forth in full herein for this Paragraph 35.

36. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

37. During the preceding five years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff, including failing to include all the times worked overtime in any such wage statements.

38. Due to Emblem's NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Ivan Dario Hernandez Cano respectfully requests that the Court enter a judgment in their favor and against Defendants Bimmy's LLC jointly and severally, for:

A. An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in work weeks, totaling at least $12,487.50;

B.	An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $12,487.50;

C.	An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $12,487.50 plus such pre-judgment and post-judgment interest as may be allowed by law;

D.	An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $12,487.50.

E.	An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.	An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.	A declaration that Defendants violated the FLSA;

H.	An award reasonable attorneys' fees and costs; and

I.	Any such additional or alternative relief as this Court deems just and proper.

Ivan Dario Hernandez Cano

s/Daniel I. Schlade<br>Attorney For Plaintiff

Daniel I. Schlade (Reg. No. 5916697)
*Attorney For Plaintiff*
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com
	danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**